**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 47572**

| | | |
|---|---|---|
| In the Matter of: John Doe I and John Doe II, Children Under Eighteen (18) Years of Age. | ) ) ) | |
| STATE OF IDAHO, DEPARTMENT OF HEALTH AND WELFARE, | ) ) ) | Filed: March 5, 2020 |
| Petitioner-Respondent, | ) ) | Karel A. Lehrman, Clerk |
| v. | ) ) ) | THIS IS AN UNPUBLISHED OPINION AND SHALL NOT |
| JANE DOE (2019-41), | ) ) | BE CITED AS AUTHORITY |
| Respondent-Appellant. | ) ) ) | |

Appeal from the Magistrate Division of the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Andrew Ellis, Magistrate.

Judgment terminating parental rights, <u>affirmed</u>.

Anthony R. Geddes, Chief Ada County Public Defender; Joshua Wickard, Deputy Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; John R. Shackelford, Deputy Attorney General, Boise, for respondent.

_____

BRAILSFORD, Judge

Jane Doe (Mother) appeals from the magistrate court's judgment terminating her parental rights to her twin sons. We affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Following an evidentiary hearing, the magistrate court found the following facts, which Mother has not disputed on appeal:

1

Mother had three children with her husband (Father), including a daughter (Daughter) born in 2001[1] and twin sons born in 2008. By 2011, Mother and Father had separated, and Father had stopped providing day-to-day care for the children. In 2017, Mother and the children were living in Twin Falls, and Mother attempted suicide. While Mother was psychiatrically hospitalized due to this incident, the children went to live with Father in Texas but returned to Idaho to live with Mother after a short period of time.

In 2017 or 2018, Mother moved with the children to Meridian. During this time, Mother was not employed, and her sole source of income was the child support Father provided. After moving to Meridian and until the children were removed from Mother's custody, Daughter undertook the parenting role for the twins and also ensured Mother's daily needs were met. Daughter's role included cooking for the family, cleaning the house, doing laundry, ensuring the twins bathed, ensuring Mother paid the household bills, and transporting the twins to and from school. In order to accomplish this latter task, Daughter drove Mother's car despite lacking a driver's license.

Also during this time, Mother regularly suffered from severe panic attacks. Mother reported being unable to breathe, being possessed by demons, and perceiving unseen home invaders. During these attacks, Mother often summoned Daughter home from school, asked Daughter to perform religious exorcisms on her, and screamed loud enough to raise the neighbors' concern. These episodes were terrifying for the children to witness, and during an unspecified number of times in 2017 and 2018, Mother became physically violent toward the children, which prompted the neighbors to intervene to protect them.

On one occasion in June 2018, Mother suffered a severe mental health episode, which escalated to the point that she physically attacked the children. Daughter attempted to shield the twins from Mother's attack but, at one point, Mother responded by throwing canned goods at the children, striking one of the twins above his eye. During a lull in the attack, Daughter called 911. The responding officer noticed the twins had scratches and redness on them and one had a swollen lump over his eye. The officer arrested Mother, and the children were removed from Mother's custody and placed in foster care. As a result of Mother's attack on the children, the

---

[1] By the time the magistrate court entered its order terminating Mother's parental rights, Daughter had turned eighteen. For this reason, the court did not address Mother's parental rights to Daughter.

State charged Mother with three counts of felony injury to child. Mother pled guilty to one count in exchange for the State dismissing the other two counts.

In July 2019, the State filed a petition to terminate Mother's and Father's parental rights. Relevant to this appeal are the State's allegations in Count I that Mother abused the children and in Count III that Mother neglected the children. In October, the magistrate court held a trial on the petition and heard testimony from numerous witnesses including the twins' counselor, two case managers, a safety assessor, a psychologist, a foster parent, the responding police officer, Daughter, and Mother. Following trial, the court ruled that clear and convincing evidence proved that Mother had abused and neglected the twins and that it is in the twins' best interests to terminate Mother's parental rights. Accordingly, the court entered a judgment terminating Mother's parental rights.[2] Mother timely appeals.

## II.

## STANDARD OF REVIEW

A parent has a fundamental liberty interest in maintaining a relationship with his or her child. *Troxel v. Granville*, 530 U.S. 57, 65 (2000); *Doe v. State*, 137 Idaho 758, 760, 53 P.3d 341, 343 (2002). This interest is protected by the Fourteenth Amendment to the United States Constitution. *State v. Doe*, 144 Idaho 839, 842, 172 P.3d 1114, 1117 (2007). Implicit in the Termination of Parent and Child Relationship Act is the philosophy that, wherever possible, family life should be strengthened and preserved. I.C. § 16-2001(2). Therefore, the requisites of due process must be met when terminating the parent-child relationship. *State v. Doe*, 143 Idaho 383, 386, 146 P.3d 649, 652 (2006). Due process requires that the grounds for terminating a parent-child relationship be proved by clear and convincing evidence. *Id*. Because a fundamental liberty interest is at stake, the United States Supreme Court has determined that a court may terminate a parent-child relationship only if that decision is supported by clear and convincing evidence. *Santosky v. Kramer*, 455 U.S. 745, 769 (1982); *see also* I.C. § 16-2009; *In re Doe*, 146 Idaho 759, 761-62, 203 P.3d 689, 691-92 (2009); *Doe*, 143 Idaho at 386, 146 P.3d at 652.

On appeal from a decision terminating parental rights, this Court examines whether the decision is supported by substantial and competent evidence, which means such evidence as a

---

[2] The magistrate court also terminated Father's parental rights. Father has not appealed this termination.

reasonable mind might accept as adequate to support a conclusion. *Doe v. Doe*, 148 Idaho 243, 245-46, 220 P.3d 1062, 1064-65 (2009). The appellate court will indulge all reasonable inferences in support of the trial court's judgment when reviewing an order that parental rights be terminated. *Id.* The Idaho Supreme Court has also said that the substantial evidence test requires a greater quantum of evidence in cases where the trial court's finding must be supported by clear and convincing evidence than in cases where a mere preponderance is required. *In re Doe*, 143 Idaho 343, 346, 144 P.3d 597, 600 (2006). Clear and convincing evidence is generally understood to be evidence indicating that the thing to be proved is highly probable or reasonably certain. *In re Doe*, 143 Idaho 188, 191, 141 P.3d 1057, 1060 (2006). Further, the magistrate court's decision must be supported by objectively supportable grounds. *In re Doe*, 143 Idaho at 346, 144 P.3d at 600.

Idaho Code § 16-2005 permits a party to petition the court for termination of the parent-child relationship when it is in the child's best interests and any one of the following five factors exist: (a) abandonment; (b) neglect or abuse; (c) lack of a biological relationship between the child and a presumptive parent; (d) the parent is unable to discharge parental responsibilities for a prolonged period that will be injurious to the health, morals, or well-being of the child; or (e) the parent is incarcerated and will remain incarcerated for a substantial period of time. Each statutory ground is an independent basis for termination. *Doe*, 144 Idaho at 842, 172 P.3d at 1117.

Once a statutory ground for termination has been established, the trial court must next determine whether it is in the best interests of the child to terminate the parent-child relationship. *In re Aragon*, 120 Idaho 606, 611, 818 P.2d 310, 315 (1991). When determining whether termination is in the child's best interests, the trial court may consider the parent's history with substance abuse, the stability and permanency of the home, the unemployment of the parent, the financial contribution of the parent to the child's care after the child is placed in protective custody, the improvement of the child while in foster care, the parent's efforts to improve his or her situation, and the parent's continuing problems with the law. *In re Doe*, 159 Idaho 192, 198, 358 P.3d 77, 83 (2015); *In re Doe*, 156 Idaho 103, 111, 320 P.3d 1262, 1270 (2014). A finding that it is in the best interests of the child to terminate parental rights must still be made upon objective grounds. *In re Doe*, 152 Idaho 953, 956-57, 277 P.3d 400, 403-04 (Ct. App. 2012).

4

## ANALYSIS

On appeal, Mother challenges the magistrate court's conclusion that she neglected the twins, as alleged in Count III. Relying on I.C. § 16-2002(3), Count III alleged Mother's mental health issues impaired her ability to provide proper parental care and control. *See* I.C. § 16-1602(31)(b) (defining "neglected" to include parent's inability "to discharge [her] responsibilities to and for the child and, as a result of such inability, the child lacks the parental care necessary for his health, safety or well-being"). In support of its conclusion that Mother neglected the twins, the court ruled that the State had proven by clear and convincing evidence Mother's "severely compromised mental health exposed her children to volatile behavior, physical violence and frightening episodes while they were in her care." Further, the court ruled that, since at least 2017, Mother's "mental health impacted her ability to maintain employment, manage her household and provide for the physical, emotional and educational needs of her children." The court concluded that Mother "has done little to nothing to address her mental health concerns since June 2018."

Mother takes issue with this latter conclusion, arguing the record does not support it. Specifically, Mother notes she has participated in two psychological evaluations; has been diagnosed with multiple disorders including bipolar disorder with psychotic features, schizoaffective disorder, and post-traumatic stress disorder; has attended counseling twice a week for three weeks; has attended an intake appointment; and has been prescribed medication. Further, Mother contends the magistrate court misconstrued the testimony of a case manager when it found Mother's religious beliefs were a barrier to her progress in receiving mental health treatment because Mother refused to work with *both* counselors and psychiatric evaluators. Mother asserts the case manager's testimony does not support the finding that she refused to work with psychiatric evaluators.

We disagree that the magistrate court misconstrued the case manager's testimony. Regardless, even if it had, substantial and competent evidence supports the court's conclusion that Mother's mental health issues remain "essentially untreated." Mother's argument that she has taken steps to address her mental health issues because she has been evaluated and diagnosed ignores her lack of treatment for those issues. Although Mother has attended some counseling, the magistrate court found Mother did not begin attending counseling until shortly before the

termination trial. As the magistrate court found, the evidence shows Mother is reluctant to participate in treatment. Based on substantial and competent evidence, we hold that Mother neglected the twins because her mental health issues impaired her ability to provide for the parental care necessary for their health, safety, and well-being.

Moreover, Mother failed to challenge on appeal the magistrate court's conclusion that she abused the twins, as alleged in Count I. *See* I.C. §§ 16-2005(1)(b) (providing termination may be granted for abuse); 16-1602(1)(a) (defining abuse). This failure is fatal to Mother's appeal. The court's conclusion that Mother abused the twins is an independent, alternative statutory ground for terminating Mother's parental rights. *See* I.C. § 16-2005(1)(b) (providing for termination for either neglect or abuse). Because the court terminated Mother's parental rights on the grounds of abuse and neglect but Mother only challenges neglect as a basis for termination, we must affirm the judgment. *See Idaho Dep't of Health & Welfare v. Doe*, 163 Idaho 707, 711, 418 P.3d 1216, 1220 (2016) ("When a judgment is granted on alternative grounds and one of them is not addressed on appeal, we must affirm the judgment.").

### IV.
### CONCLUSION

Substantial and competent evidence supports the magistrate court's conclusion that Mother neglected the twins. Moreover, Mother fails to challenge on appeal the court's alternative conclusion that Mother abused the twins. Accordingly, we affirm the court's judgment terminating Mother's parental rights.

Judge GRATTON and Judge LORELLO **CONCUR**.

6